**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

LISA RAWLINS,                                    )
                                                 )
                            Petitioner,          )
v.                                               )          Case No. CIV-09-269-HE
                                                 )
MILLICENT NEWTON-EMBRY,                          )
                                                 )
                            Respondent.          )

## REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner, Lisa

Rawlins, challenges her state court conviction and sentence in Case No. CF-92-515, District

Court of Garfield County, State of Oklahoma.[1]  Respondent has not addressed the merits of

the Petition.  Rather, Respondent has moved for dismissal (*see* Doc. ## 14-15), contending

the Petition is time-barred pursuant to the applicable statute of limitations, 28 U.S.C.

§2244(d).  Petitioner has filed a response to the Motion ( *see* Doc. # 17), and the matter is at

issue.  The matter has been referred for initial proceedings consistent with 28 U.S.C.

§ 636(b)(1)(B) and (C).  For the reasons set forth below, it is recommended that

Respondent's Motion to Dismiss be granted and that the Petition be dismissed as untimely

pursuant to 28 U.S.C. § 2244(d).

---

[1]Petitioner originally filed this action on March 3, 2009, in the United States District Court
for the Northern District of Oklahoma.  The action was transferred to this judicial district by order
dated March 10, 2009 (*see* Order [Doc. #2]), and filed in this judicial district on March 11, 2009.

I.    **Background**

In 1993, Petitioner was convicted in Oklahoma state court of Murder in the First Degree, for which she is serving a sentence of life imprisonment.  The Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction by opinion filed November 30, 1994.  *See* Brief in Support of Motion to Dismiss [Doc. # 15], Exhibit 1, OCCA Opinion. Petitioner's conviction became final ninety days later, on February 28, 1995, when the time for applying for certiorari review lapsed.

II.    **Analysis**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) took effect, significantly amending the habeas corpus statutes. One such amendment imposed a one-year limitation on a state prisoner's right to bring a federal habeas action, generally running from the date the prisoner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The one-year limitation is to be tolled, however, during the time that a "properly filed" post-conviction proceeding is pending in state court. *See id.*, § 2244(d)(2).

To avoid the unfairness of retroactively imposing this one-year limitation on state prisoners whose convictions became final before the AEDPA's effective date, the Tenth Circuit recognized a one-year grace period within which such prisoners could file their federal habeas petitions. *See Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998). This one-year grace period is subject to the § 2244(d)(2) tolling rule during the pendency of a "properly filed" post-conviction proceeding. *See id.* at 1226 & n. 4.

2

Under these rules, Petitioner had until April 24, 1997, to file her federal habeas petition, unless she had a "properly filed" state post-conviction proceeding pending which would toll the time limit. The record demonstrates that Petitioner did not seek post-conviction relief until October 29, 2008, more than eleven years after the statute of limitations period expired.[2] Therefore, statutory tolling is not available to her. *See, e.g., Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after April 24, 1997, the end of the limitations period for convictions, like Fisher's, which became final before the effective date of AEDPA."). The instant Petition, filed March 3, 2009, is time-barred.

Respondent does not address whether equitable tolling of the limitations period is warranted. The Tenth Circuit limits equitable tolling of the one-year limitations period to "'rare and exceptional' circumstances." *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003) (*citing Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).[3] "Equitable tolling is

---

[2]Petitioner filed her application for post-conviction relief on October 29, 2008, which was denied by the state district court on December 3, 2008. *See* Respondent's Brief in Support [Doc. #15], Exhibit 3, OCCA Order Affirming Denial of Post-Conviction Relief (reflecting procedural history). Petitioner then appealed the district court's denial and the OCCA entered an order affirming the denial of post-conviction relief on January 15, 2009. *See id.*

[3]The Supreme Court has not specifically decided whether equitable tolling applies to time limits for filing federal habeas petitions by state prisoners but has assumed arguendo that equitable tolling is available. *See Lawrence v. Florida*, 549 U.S. 327 (2007). In *Lawrence*, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), requiring a petitioner to show that she has been pursuing her rights diligently and that some extraordinary circumstances prevented her from making a timely filing. *Lawrence*, 544 U.S. at 336.

appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger*, 317 F.3d at 1141 (*citing Gibson*).

In her response, Petitioner does not allege any facts to support equitable tolling of the limitations period. She does not claim actual innocence but contends she lacked the requisite intent to be found guilty of first degree murder and seeks a modification of her sentence to manslaughter. Moreover, critically absent from Petitioner's response is any allegations explaining the reason for her delay in seeking federal habeas corpus relief. Equitable tolling is "only available when an inmate diligently pursues [her] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). *See also Jackson v. Champion*, No. 98-5164, 1999 WL 63988 (10th Cir. Feb. 11, 1999) (unpublished op.) (recognizing that the Tenth Circuit has "intimated that actual innocence may be grounds for equitable tolling of the §2244(d)(1) limitations period" but refusing to apply equitable tolling despite claim of actual innocence where petitioner had not been diligent in pursuing his claims). Petitioner did not file the instant action until more than eleven years after the limitations period expired. Petitioner, therefore, is not entitled to equitable tolling, *see Marsh*, 223 F.3d at 1220, and the Petition should be dismissed as time-barred.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. ## 14-15] be granted and the Petition be dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by July __20th__, 2009.  *See* Local Civil Rule 72.1.  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this __29th__ day of June, 2009.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE