**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LISA RAWLINS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-09-0269-HE |
| ) | |
| MILLICENT NEWTON-EMBRY, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Petitioner Lisa Rawlins, a state prisoner appearing pro se, filed a petition pursuant to 28 U.S.C. § 2254 challenging her state court conviction and sentence. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Valerie K. Couch who recommends that respondent's motion to dismiss be granted and the petition dismissed as untimely, pursuant to 28 U.S.C. § 2244(d).

Petitioner has objected to the Report and Recommendation. She does not dispute the factual or other matters that are the basis for the conclusion that her petition is time-barred, but argues instead that the jury instructions used at her trial constituted reversible error entitling her to relief. However, petitioner did not present this argument to the magistrate judge. "In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)). Further, petitioner did not raise this issue in her direct appeal to the Oklahoma Court of Criminal Appeals.

Petitioner was convicted in 1993 of Murder in the First Degree and was sentenced to life imprisonment without the possibility of parole. Her conviction and sentence were

affirmed by the Oklahoma Court of Criminal Appeals. Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioner had until April 24, 1997, to file her habeas petition unless that time period was tolled by an appropriate state post-conviction proceeding. Petitioner did not apply for state post-conviction relief until October 29, 2008. She does not state any other arguable basis for tolling. The Report and Recommendation correctly concluded that petitioner's habeas petition is time-barred.

Accordingly, after de novo review, the court **ADOPTS** the Report and Recommendation [Doc. #23]. Respondent's motion to dismiss [Doc. #14] is **GRANTED** and the petition is dismissed with prejudice as time-barred.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE